FAWCETT PUBLICATIONS, INC., Landlord, *v.* SIMON GREENWALD, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, April 28, 1947.

*Edgar H. A. Chapman* for landlord.

*Milton H. Greenwald* for tenant.

WAHL, J.   In this application for an order to show cause the landlord seeks " to strike out the word discontinued which was marked upon the record of this Court on November 7, 1946, and to place this case on the General Reserve Calendar and to mark the stipulation submitted herewith and marked Exhibit A ' So ordered,' *nunc pro tunc* as of November 7, 1946, the date upon which this case appeared upon the calendar and was inadvertently marked discontinued, and for the entry of a final order herein directing the Clerk to issue a warrant dispossessing the tenant, Simon Greenwald, forthwith from these premises."

The tenant appears in opposition thereto and by a cross motion seeks to vacate the stipulation of October 25, 1946, and to have the proceeding returned to the trial calendar and for other relief.   However, in view of my reasoning and determination of the landlord's motion, it is unnecessary to elaborate further on the tenant's application for relief, and the tenant's motion is denied. ·

The landlord instituted a summary proceeding to oust the tenant from premises at 67 West 44th Street, Borough of Manhattan, on the ground that it desired the premises for its own and immediate use.   Service was made upon the tenant in August, 1946.   Thereafter, for reasons not pertinent hereto, the proceeding did not come on before me until November 7, 1946.   On that date, upon the call of the calendar, a clerk from the office of the attorneys for the landlord requested the court to mark the case " Discontinued ".   This was done. Now the attorneys for the landlord contend that this was an error on their part and that it was the intention of the parties to mark the case " Off the calendar " and the stipulation was to be marked " So ordered " so that if the tenant did not vacate the premises on or before January 31, 1947, the landlord would be entitled to a final order evicting the tenant, without notice to the tenant.   The stipulation was not submitted to the court.

However, on January 30, 1947, the tenant failed to remove from the premises, and sought, by motion, to vacate the stipulation on the ground that it had been procured by fraud. This motion I denied. Thereafter the landlord sought to obtain from me, ex parte, a final order ousting the tenant. This was also denied as it appeared unfair to grant such relief under the circumstances without notice to the tenant. As a result these cross motions are now before me.

The attorneys in their respective affidavits, seek to identify each other by the use of harsh names. I am neither interested in nor impressed by this undignified exchange of epithets. My determination herein is based on the law as I see it and the admitted facts.

The stipulation is as follows:

" It Is Hereby Consented and Agreed by and between the attorneys for the Landlord and the Tenants that the Tenants may continue to occupy the space at the premises 67 West 44th Street designated as Rooms 501–2 until January 31, 1947. That in the event the said Tenants shall not have vacated said premises on or before January 31, 1947 that in that event the Landlord may apply for and secure a Final Order to evict the Tenants from said Space without further notice to the Tenants.

" It is further stipulated consented and agreed that except as herein expressly modified all the terms and conditions of the lease between the Landlord and Tenants dated April 30, 1945 are to remain in full force and effect.

Dated: New York, N. Y. October 25, 1946.

> *De Witt, Van Aken, Nast & Chapman*
> Attorneys for Landlord
>
> *Milton H. Greenwald*
> Attorney for Tenant "

It is not clearly shown that the disposition of this summary proceeding made by me on November 7, 1946, was an erroneous one or clearly contrary to the intention of the parties.

The terms of the stipulation itself and the statements of the parties preclude any such finding, but instead, show that this court was prevented from making any other disposition than it did.

There was nothing for me to " so order " on that date, for the stipulation did not provide for a final order as of that date with a stay of the issuance or execution of the warrant until a later date, nor for any other judicial disposition as of that date.

Issue was never joined in this proceeding and, therefore, it was never on the " General Calendar " of this court. On this point, I seriously question whether there is any " General Reserve Calendar " of this court to which summary proceedings may be returned, due to the peculiar nature of holdover summary proceedings. By statute, these proceedings are to be disposed of on the return date, unless the parties request an adjourned date for the trial of the proceeding. Unless so adjourned, the proceeding must result in some final disposition, otherwise these proceedings would lose their summary nature and be destructive of the remedy which the Legislature has provided. No application was made for an adjournment, and it definitely appears that was not within the intendment of the parties. Instead, it was agreed that the proceeding was to be marked " Off the calendar ", which is tantamount to saying that the proceeding is not before the court and synonymous with the disposition " Withdrawn " or " Discontinued ".

Further, it appears to me from the terms of the stipulation that the parties desired to extend their prior rental arrangement until some future date after which the landlord could take steps against the tenant to terminate the arrangement. Under the theory of *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.* (247 N. Y. 435), I believe that the stipulation of the parties herein constituted a new agreement which terminated these proceedings. Otherwise, how could it be said that the tenant was holding over without the permission of the landlord on November 7, 1946 — a material requirement for the maintenance of a holding over after the expiration of the term — the only date on which I could make a final order or any order. The stipulation in question is a good example of what a stipulation should not be. If there were to be any holding over without the permission of the landlord, it could occur only after January 31, 1947, months after the summary proceeding was instituted and months after the only time I could have acted in the matter.

Accordingly, it is my conclusion that, on all the facts and papers in the matter, and also the statements made on the record by the attorneys at the time of argument of these motions on April 23, 1947, the disposition made on November 7, 1946, was proper and within the intention of the parties, and cannot now be disturbed.

Hence, **the relief sought by the** landlord **is denied, and the relief prayed for by the** tenant is also denied.